```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

JOSEPH N. and RUTH A. BLACK,       :
                                   :
        Plaintiff,                 :
                                   :
v.                                 :    Case No. 3:14-CV-23 (RNC)
                                   :
NICHOLAS E. OWEN, II,              :
ET AL.                             :
                                   :
        Defendants.                :

<u>ORDER</u>

Plaintiffs Joseph N. and Ruth A. Black move for a temporary restraining order ("TRO") restraining the assets of defendant Nicholas E. Owen (ECF No. 180). For reasons that follow, the motion for a TRO is granted.

<u>I. Background</u>

Plaintiffs seek to enforce a Massachusetts state court judgment entered in 2009 against Owen in the amount of $2,386,816.34 ("2009 judgment"). This action was brought in 2014 against Owen and several limited liability companies ("LLCs") seeking a determination that Owen was the alter ego of the LLCs, such that the LLCs are liable for the Massachusetts judgment. In December 2016, this Court entered a consent judgment in favor of plaintiffs ("2016 judgment"). The 2016 judgment found that Owen was the alter ego of the LLCs, which had at various times throughout 2012 and 2013 controlled upwards of $1.6 million. <u>See</u> Judgment (ECF No. 173). The judgment ordered Owen to "provide good faith cooperation" in satisfying his legal obligations. It

did not, however, include a specific monetary award because Owen maintained that he had no significant personal assets at the time. To date, Owen has failed to pay plaintiffs any amount pursuant to the 2009 judgment.

On February 2, 2018, plaintiffs filed a motion seeking an order to show cause why Owen should not comply with the 2016 judgment and produce documents related to Owens's control of Rolling Thunder II, LLC ("underlying motion") (ECF No. 175). The motion seeks an order directing that any payments to Owen from Rolling Thunder be made instead to plaintiffs. Along with the underlying motion, plaintiffs filed a motion for a TRO or preliminary injunction (ECF No. 174). The Court dismissed the motion for a TRO without prejudice for failure to comply with Rule 65(b) (ECF No. 176). A status conference regarding the underlying motion and the motion for preliminary injunction is scheduled for February 14, 2018, at 10:30 a.m. The present motion renews plaintiff's motion for a TRO.

II. Legal Standard

"The purpose of a temporary restraining order is to preserve an existing situation in statu quo until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction." Garcia v. Yonkers Sch. Dist., 561 F.3d 97, 107 (2d Cir. 2009) (quotation omitted). A plaintiff seeking a TRO must show (1) "either (a) a likelihood of success on the

2

merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor"; (2) "the plaintiff is likely to suffer irreparable injury in the absence of an injunction"; (3) "the balance of hardships between the plaintiff and defendant . . . tips in plaintiff's favor"; and (4) "the public interest would not be disserved by the issuance of a [TRO]." Salinger v. Colting, 607 F.3d 68, 79-80 (2d Cir. 2010) (standard for preliminary injunction); Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd., 190 F. Supp. 2d 577, 580 (S.D.N.Y. 2002) (same standard applies to a TRO).

In addition, under Rule 65(b), a court may only issue a TRO without notice and a hearing[1] if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

---

[1] Owen's counsel has received electronic and written notice of plaintiff's motion for a TRO. See Klingman Cert. (ECF No. 180-3). Although the text of Rule 65(b) limits its application to TROs issued "without written or oral notice," because Owen has not had an opportunity to be heard on the motion, I apply the requirements of Rule 65(b). See Tootsie Roll Indus. V. Sathers, Inc., 666 F. Supp. 655, 657-58 (D. Del. 1987); accord PharmaSeq, Inc. v. Estate of Griess, No. CIV.A. 15-00041, 2015 WL 620802, at *2 (E.D. Pa. Feb. 11, 2015); Real Estate Disposition Corp. v. Nat'l Home Auction Corp., No. CV 08-01331 SJO (EX), 2008 WL 11338210, at *2 (C.D. Cal. Mar. 7, 2008).

III. Discussion

Plaintiffs have made the required showing for a TRO. Plaintiffs provide documentation, including Rolling Thunder's Articles of Organization and an affidavit apparently signed by Owen, indicating that Owen is Rolling Thunder's "manager." See Underlying Motion, Ex. B-F (ECF No. 175). The documents show that certain addresses and an attorney associated with Owen's other LLCs are linked to Rolling Thunder. See id. Rolling Thunder is currently a party to at least two Connecticut Superior Court actions indicating that it has an interest in two pieces of real estate, both of which may soon result in substantial funds being paid to Rolling Thunder. See Rolling Thunder II, LLC v. The St. James Building Assoc., Inc., No. FBT CV 17-6061545-S (Bridgeport Dist.) (Rolling Thunder seeking to enforce offer to purchase property); Norma Berry v. Zoning Comm. Of Stratford, NO. FBT CV 17-6066842-S (Bridgeport Dist.) (Jan. 31, 2018, zoning settlement approving development of apartment complex). Plaintiffs submit an affidavit discussing these facts and expressing concern that Owen will, as he has previously, transfer to third parties any funds paid to Rolling Thunder, leaving no money to satisfy the 2009 judgment. See Black Aff. (ECF No. 180-2). Plaintiff's counsel has certified that notice has been provided to defense counsel. See Klingman Cert. (ECF No. 180-3).

Based on plaintiff's submissions and this Court's findings

in the 2016 judgment, I find that plaintiff has made the showing required to obtain the requested TRO. Owen has failed to pay plaintiffs any amount pursuant to the 2009 judgment and he has a history of using LLCs to conceal his assets. Though "irreparable harm" typically means an "injury for which a monetary award cannot be adequate compensation," Jayaraj v. Scappini, 66 F.3d 36, 39 (2d Cir. 1995), "an injunction may issue to stop a defendant from dissipating assets in an effort to frustrate a judgment," Chemical Bank v. Haseotes, 13 F.3d 569, 573 (2d Cir. 1994). Although courts do not have authority to order an asset freeze prior to the entry of a money judgment,[2] here, a money judgment has already entered against Owen. See Tiffany (NJ) LLC v. Forbse, No. 11 CIV. 4976 NRB, 2015 WL 5638060, at *4 (S.D.N.Y. Sept. 22, 2015) (ordering postjudgment asset restraint). This showing satisfies Rule 65(b) and the "irreparable harm" requirement for a TRO.

Plaintiffs have also satisfied the other requirements for a TRO. They are likely to succeed on the merits in the underlying motion: Owen is liable for the 2009 judgment and, as discussed above, appears to be in possession, or may soon be in possession, of undisclosed assets. The balance of hardships is in plaintiffs' favor: Owen has paid nothing to satisfy the 2009 judgment and

---

[2] See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308, 332 (1999).

appears to be in violation of the 2016 judgment, which required him to make good faith attempts to pay plaintiffs. Moreover, if Owen does in fact have no assets, as he has consistently represented, he will not be prejudiced by a restraining order. Last, "[t]he public has an interest in the enforcement of judgments." State Farm Mut. Auto. Ins. Co. v. Am. Rehab And Physical Therapy, Inc., 376 F. App'x 182, 184 (3d Cir. 2010).

IV. Conclusion

Accordingly, plaintiff's motion for TRO (ECF No. 180) is GRANTED. The TRO applies until the Court decides plaintiff's motion for preliminary injunction (ECF No. 174) or plaintiff's motion for order to show cause (ECF No. 175).

1. Defendant shall hold and retain all funds, assets or property over which he has control or in which he has a financial interest (including, but not limited to, interests in limited liability companies, limited liability partnerships or corporations) ("Interests"), in whatever form such Interests may exist and wherever such Interests are located, and is hereby enjoined, restrained and prohibited from transferring, concealing, withdrawing, removing, diminishing, selling, exchanging, dissipating, encumbering, pledging, assigning, liquidating, alienating, disposing of, or otherwise intentionally reducing the value of,

such Interests (whether or not for his direct or indirect gain).

2. This Order applies to all Interests currently held by trusts of which Defendant is a manager, trustee or direct or indirect beneficiary. Defendant shall give a copy of this Order to the trustee or manager of any such trust, with a copy to Plaintiffs' counsel, upon entry of this Order.

3. No provision of this Order shall limit or in any way restrict Plaintiffs' rights to conduct post-judgment discovery, prosecute their pending motions, or to enforce their judgment in accordance with applicable law.

So ordered this 9th day of February 2018.

                                            /s/
                                    Robert N. Chatigny
                           United States District Judge